**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

Levi Josue Sales Garcia,

     Petitioner,

     v.                             Case No. 2:26-cv-02484-BCL-cgc

CHRISTOPHER BULLOCK,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

     Respondent.

---

## ORDER FOR RESPONSE

---

As a preliminary housekeeping matter, the United States Court of Appeals for the Sixth Circuit has held that the "district director"—now the Field Office Director—for the place of confinement is the proper respondent to a Section 2241 petition filed by an alien challenging his confinement. *See Roman v. Ashcroft*, 340 F.3d 314, 320–21 (6th Cir. 2003). Here, that is Christopher Bullock, Field Office Director for the New Orleans Field Office, United States Immigration and Customs Enforcement. The Clerk is therefore **DIRECTED** to modify the docket to replace the Warden of the Western Tennessee Detention Facility with Christopher Bullock. *See* Fed. R. Civ. P. 25(d). All other Respondents are **DISMISSED.**

Petitioner Levi Josue Sales Garcia earlier filed a petition under 28 USC 2241 challenging his detention without a bond hearing, which this Court denied in Case No. 2:26-cv-02276-BCL-atc. He has now filed a new petition here again challenging his detention.

While it would have been cleaner for Petitioner to file a motion to alter or amend the earlier judgment, or seek relief from it, the traditional rule is that "res judicata [does] not attach to a court's

denial of habeas relief." *McCleskey v. Zant*, 499 U.S. 467, 479 (1991). That rule continues to govern when—as here—it has not been displaced, as by the Antiterrorism and Effective Death Penalty Act. While the Supreme Court adopted prudential doctrines intended to blunt what it saw as the harmful effects of the absence of preclusion, those doctrines allowed courts to consider successive petitions when in the interests of justice or when intervening events purportedly supported the new petition. *Id.* at 480–82.

Here, there has been a significant intervening event:  A panel of the United States Court of Appeals for the Sixth Circuit recently held that at least some aliens residing in the nation's interior are entitled to a bond hearing pending their removal proceedings. *See Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026).

Respondent therefore is **ORDERED** to state by May 18, 2026 his position concerning whether, based on *Lopez-Campos*, Petitioner is entitled to relief and, if so, the nature of that relief.  If Petitioner opposes the position of Respondent, he may file a reply within one week of filing of the Respondent's brief.

**IT IS SO ORDERED**, this 14th day of May, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

2