**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

Levi Josue Sales Garcia,

      Petitioner,

      v.                                       Case No. 2:26-cv-02484-BCL-cgc

Christopher Bullock,
Acting Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

      Respondent.

---

**ORDER GRANTING BOND HEARING**

---

Petitioner Levi Josue Sales Garcia earlier filed a petition under 28 U.S.C. § 2241 challenging his detention without a bond hearing, which this Court denied in Case No. 2:26-cv-02276-BCL-atc. He challenged his detention again by filing a new petition here (Doc. 1) as well as a motion for temporary restraining order and preliminary injunction (Doc. 3). The Court ordered Respondent to state his position on Petitioner's relief. Doc. 15.  Respondent advised that they may seek further appellate review, but at this time, the Court should order that Petitioner be provided a custody redetermination hearing within ten days or be released if that does not occur. Doc. 16. In light of the Sixth Circuit's decision in *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026) and Respondent's agreement that it controls here, the Court **ORDERS** that Respondent shall give Petitioner a bond hearing under 8 U.S.C. § 1226(a) within **ten (10)** days of the date of this order or, in the alternative, release him from custody.

The Court grants this relief for three reasons. First, Petitioner initially requested a bond hearing as an alternative remedy and Respondent agrees this is the proper relief. Doc. 1 at 12; Doc.

16 at 2. Second, Section 1226—the controlling provision according to the Sixth Circuit—itself only guarantees a bond hearing; it does not guarantee release. *Lopez-Campos*, 2026 WL 1283891, at \*1; *see id.* at \*13 ("[O]ur understanding of § 1225(b)(2)(A)'s scope ensures that noncitizens like Petitioners should have a forum to explain that their backgrounds and connections to their communities justify release on bond while they undergo their removal proceedings. To hold otherwise would subject long-term law-abiding residents in the United States, such as Petitioners, to the hardship of mandatory detention without due process."). Petitioner has offered no persuasive justification for allowing him to obtain through the remedy of habeas something more than that to which he is entitled (according to the Sixth Circuit) under the governing law—that is, the chance to make his case for release at a bond hearing. And, *third*, a bond hearing is in keeping with the principle of prudential exhaustion, in that it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to decide the issue under the framework the Sixth Circuit has now announced. *See Smith v. U.S. Sec. & Exch. Comm'n*, 171 F.4th 798, 811 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))).

2

## CONCLUSION

The Petition (Doc. 1) is **GRANTED** to the extent that the Court **ORDERS** Respondent to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **ten days** of the date of this order or, in the alternative, release from custody. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **DENIED** as moot.

**IT IS SO ORDERED**, this 28th day of May, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE